STATE *ex rel.* NEW *et al. v.* G. S. SMITH, *et al.*

(*Nashville.* December Term, 1922.)

1.. **SCHOOLS AND SCHOOL DISTRICTS.** Statute requiring counties to maintain high school in location where greatest number of pupils may be benefited held not class legislation.

Pub. Acts 1921, chapter 40, making it obligatory upon counties to maintain within their borders at least one first-class high school to be located where the greatest number of pupils may be benefited, *held,* not invalid as class legislation, in violation of Constitution article 11, section 8. (*Post,* p. 214.)

Acts cited and construed: Acts 1921, ch. 40.

Constitution cited and construed: Art. 11, sec. 8.

2. **SCHOOLS AND SCHOOL DISTRICTS.** County board of education required to make reasonable effort to establish first-class high school in location most convenient for greatest number of pupils.

Under Public Acts 1921, chapter 120, section 5, subsection 2, it is incumbent upon the board of education of a county to make a reasonable effort to comply with Public Acts 1921, chapter 40, requiring counties to maintain at least one first-class high school to be located where the greatest number of high school pupils may be benefited. (*Post, pp.* 214, 215.)

3. **SCHOOLS AND SCHOOL DISTRICTS.** Location of high school within county discretionary with county board of education.

Under Public Acts 1921, chapter 40, section 1, requiring a county to maintain a high school to be located where the greatest number of pupils may be benefited, and Public Acts 1921, chapter 120, section 5, subsection 2, conferring on the county board of education power to administer the school system within the county, the location of the high school is within the sound discretion of the county board of education. (*Post, pp.* 214, 215.

State ex rel. v. Smith.

Acts cited and construed: Acts 1921, chs. 40, 120.

Cases cited and approved: State ex rel. v. Board of Education, 122, Tenn., 162; Cross v. Fisher, 132 Tenn., 31; Walker v. Monger, 6 App. Cas., 261.

4. MANDAMUS. Will lie to compel county board of education to locate high school within county as required by statute.

If a county board of education refuses to select a location for a high school within the county after having an opportunity to so do, under Public Acts 1921, chapter 40, section 1, requiring every county to maintain a high school to be located where most convenient for most pupils, or acts unreasonably or capriciously in the exercise of the discretion given it by such statute in the location of such high school, mandamus will lie to compel compliance with the statute. (*Post, p.* 215.)

FROM CANNON.

Appeal from the Circuit Court of Cannon County.—Hon. Jno. E. Richardson, Judge.

Sterling S. Brown, for appellants.

Roberts & Cooper and Cummings & Melton, for appellees.

Mr. Justice Cook delivered the opinion of the Court.

Relators, citizens of Cannon county, seek by mandamus to compel the county board of education "to institute and maintain at Woodbury public high school, a first-class high school for the period of nine months each year and to employ teachers and do all things necessary

for the maintenance of the school, and to prevent the appropriation by the board of school funds to the prejudice of this school."

The petition recites that there is a commodious steam-heated brick school building at Woodbury suitable for the purpose, and that this place has been designated by the educational department as the only first-class high school in the county.

The county court levies a tax of fifteen cents on the dollar for high school purposes, and the petition recites that from the proceeds of this levy, and supplementary aid from the State, a first-class high school can be maintained, but that contrary to the provisions of chapter 40, Acts of 1921, the revenue derived from the levy for high school purposes is distributed among seven schools throughout the county, reducing the school term to three and one-half months each year.

Respondents, by appropriate answer, made return of the alternative writ, and say it would be ruinous to the high school interests of Cannon county to devote practically all the high school funds to the maintenance of one school, and deprive other sections of high school advantages; that the topography is such that many sections cannot patronize the school at Woodbury, and this, together with the location of highways and the distribution of population, makes it impractical to locate a single school, and that they are maintaining schools to serve the best interests of the county.

Respondents say, however, if but one school is to be maintained, the county board of education is the only agency authorized by law to designate its location, and that

State ex rel. v. Smith.

the court cannot properly compel the board to exercise a discretion lodged in them by statute.

Relators insist that chapter 40, Acts of 1921, is mandatory, and by its provisions the county board of education must establish a first-class high school in the county and maintain it, and, having failed to observe the statute, that relators may, under the facts recited in the petition and disclosed in proof, compel the board to locate the school at Woodbury to the exclusion of any other place in the county.

In the promotion of the State's educational, policy, the legislature has created local agencies in each county, charged with the duty, and clothed with the discretion, of administering the school system. The limitation upon their power is and has always been obedience to the law, observance of good faith, and an honest exercise of discretion.

In the incipiency State academies were created, which under the statute were managed by trustees of the locality, and when the primary system was adopted, three school directors were provided for each district, culminating in the county board of education as provided in chapter 120, Acts of 1921.

By subsection 2, section 5, of the act, power is conferred upon the board of education to administer the system within the county. Until recently it lay in the discretion of the county courts and the local school authorities to determine whether or not a high school should be established, but by chapter 40, Acts of 1921, the legislature makes it obligatory upon the counties to maintain within their borders at least one first-class high school, to

be located where the greatest number of high school pupils may be benefited.

The validity of the act is questioned by respondents upon the ground that it is vicious class legislation. The act provides for the establishment of a high school in each county, and applies to all counties alike, and, being impartial in its provisions, and in the manner of its application, we are unable to see that it violates article 11, section 8, of the Constitution, as insisted upon by the respondents.

The act being valid, it is incumbent upon the county board of education to make a reasonable effort to observe its requirements, using the means provided by the county and State financial agencies to effectuate that purpose.

The act declares it a part of the State's educational policy that there shall be at least one first-class high school in each county, and that the terms be uniform throughout the State. In the establishment of such schools, the several county boards of education are given authority to select the location and direct their operation. Chapter 120, Acts of 1921; chapter 40, Acts of 1921; *State ex rel.* v. *Board of Education,* 122 Tenn., 162, 121 S. W., 499; *Cross* v. *Fisher,* 132 Tenn., 31, 177 S. W., 43, Ann. Cas., 1916E, 1092; and *Walker* v. *Monger,* 6 App. Cas., 261.

The board may maintain more than one high school in the county, but under the act they must, according to the resources at their command, locate and maintain one first-class high school as therein provided. Chapter 40, section 1, Acts 1921. In the exercise of its mandatory processes, the judicial department must recognize the discretionary powers of local agencies charged with administering the

school system of the counties, to assure, if for no other reason, harmonious co-operation between the State and counties, and between the school officers and the patrons of the school. That is necessary to the success of the school system.

The matter of locating the school in Cannon county has not been presented to the board in the form of a demand that they observe the law and exercise their sound discretion, but has been presented only in the form of a demand that they locate the school at Woodbury.

In the opinion expressed by the witnesses, Woodbury is the proper location, and the trial judge so found, and if that location meets all the requirements of the act, and would benefit the most high school pupils, it would, of course, become the duty of the board to locate the school there. But relators do not establish a clear legal right to coerce the board of education in the selection of the site. The discretion is lodged in the board, and they should be given an opportunity to exercise their sound discretion. Given such an opportunity, if they refuse to act, or act unreasonably or capriciously, the writ would lie to control their action and compel obedience to the statute.

Upon the facts as presented in this proceeding, the writ should have been denied. Wherefore the judgment of the trial court is reversed. Relators will pay the costs.